JEFFREY D. CONWAY, ESQ.
Nevada Bar No. 4573
CONWAY LAW FIRM
2153 Ponticello Drive
Henderson, Nevada 89052
Telephone: (702) 629-7962
Facsimile: (702) 629-7958

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN E. WOLVERTON, DEBORAH GREENE, MICHAEL GREENE, individually and on behalf of each other herein,<br><br>Plaintiffs,<br><br>vs.<br><br>HSBC BANK USA, N.A.; HSBC MORTGAGE CORP. USA, a Delaware corporation; MERSCORP, INC., a Virginia corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; MORTGAGEIT SECURITIES CORP., a subsidiary of DEUTSCHE BANK NATIONAL TRUST COMPANY; MORTGAGE LOAN TRUST SERIES 2007-1; MORTGAGE PASS-THROUGH CERTIFICATES, and Individuals 1 to 50, inclusive; and ROES Corporations 1 to 30, inclusive; and all other persons unknown claiming any right, title, estate, lien, or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto,<br><br>Defendants. | Case No: 2:10-cv-00700-PMP-PAL<br><br>**PLAINTIFFS' MOTION TO SET ASIDE DISMISSAL** |

Plaintiffs, Kathryn E. Wolverton, Deborah Greene, and Michael Greene, through their attorney, Conway Law Firm, submits the following Motion to Set Aside Dismissal.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Under Nevada law, a case should not be dismissed without sufficient time for discovery. *See e.g. Vision Air*, 121 Nev. 113(2005) (eight months were not sufficient, and the case, therefore, could not be dismissed). On that basis, in addition to the other arguments set forth herein, Plaintiffs request a set aside of the previous dismissal. This has been a period of unprecedented non-transparency, and only court-governed discovery can allow more specific allegations, on all of Plaintiffs' claims.

The quiet title claim can be brought without proof of payment in full discharge, against a party claiming an interest in the property when that party actually has no verifiable claim to the property. In fact, it was fraudulent for Defendants to foreclose on the Plaintiffs' property, when, under current case law, they are aware that they have no standing to foreclose, due to defects in the Defendants' chain of Note transfer(s).

*A very recent California case has again upheld the principles set forth in the cases cited below. See In re Walker*, Case No. 2:10-21656-E-11 (U.S. Bk. Ct., E.D. Cal., May 20, 2010.) This ruling agreed with numerous other well-known cases that have held the same. With all due respect, these precedents cannot be ignored.

This is a simple case of Defendants that cannot show that any of them are the current holder of the note or the nominee of the current holder of the note, secured by Plaintiffs' property (the "Note") which is the subject of the wrongful foreclosure in this case (the "Property"), which is a prerequisite to foreclosure. *See Mortgage Electronic Registration Systems, Inc. v. Lisa Marie*

*Chong, Leonard E. Schwartzer, Bankruptcy Trustee, et al.,* Dist. Ct. Case No. 2:09-cv-00661-KJD-LRL (Dec. 4, 2009) ("MERS" had no standing as a creditor to pursue its claim against the property, due to inability to show a valid chain of title on transfers of the Note, which is why Defendants' electronic registration system was in most cases defective), *affirming In re Joshua and Stephanie Mitchell,* U.S. Bk. Ct., Dist. Nev. Case No. BK-S-07-16226-LBR (*Aug. 19, 2008); see also Landmark Bank v. Kesler,* 2009 Kan. Lexis 834*; MERS v. Southwest Homes of Arkansas,* 2009 Ark. Lexis 121.  In yet another very important decision of national significance, on May 20, 2010, the United States Bankruptcy Court for the Eastern District of California ruled that MERS cannot have standing to foreclose (without such proof).

   As in the above-cited cases, none of the Defendants can prove that they are the current holder in due course of the Note, any more than any other third party stranger to the transaction, and, therefore, there is a risk that a true holder in due course of the Note may surface in the future, demanding payment.  Plaintiffs have made requests for evidence or documentation showing the entire chain of title of the loan, and agreements affecting title.  Plaintiffs allege that, like the vast majority of loans made in the U.S. during the same time period, Defendants purport to act as the Note holder, but is actually an agent of the true undisclosed holder of the Note.  To illustrate, in Utah, recently, as widely reported, Bank of America was enjoined from any foreclosure proceedings.  Since the Note and deed of trust were executed, the purported trustee and current Note holder have changed, but Defendants cannot show the chain of assignments.

   It is well-established that a case should not be dismissed prior to the Plaintiffs having sufficient time to conduct discovery.  *See e.g. Vision Air*, 121 Nev. 113(2005) (dismissal denied – 8 months is not sufficient time to conduct discovery).  That is particularly the case here, where the

entire lending industry has gone through such an extraordinary period of non-transparency and untrustworthiness, and full discovery is, therefore, indispensable.

Under the case law set forth above, Defendants do not have any standing to collect on the Note or to foreclose on the Property, and, Plaintiffs must prevail.  Defendants have committed numerous other wrongdoings, as discussed below, in predatory and fraudulent lending practices, including, without limitation, the acts set forth in Plaintiffs' Complaint.  Plaintiffs will seek discovery as to whether Defendants have been compensated for the loan by the federal stimulus program or "TARP."  This is the basis of the Quiet Title claim discussed below.

## II. PLAINTIFFS' CLAIMS OF FRAUD ARE PLEADED WITH SUFFICIENT PARTICULARITY

The fraud occurred in connection with the making of the loan, by the Defendants, in, among other things, committing the acts set forth in the Complaint, during the loan approval process, and the subsequent securitization/sale of the loan.  That is sufficiently specific, and, to the extent Plaintiffs cannot be more specific at this time, it is symptomatic of the entire series of transactions Plaintiffs allege to have occurred, which resulted in the current situation, wherein no current holder in due course of the Note can be identified, upon information and belief.  Plaintiffs do not claim that selling the loan, of itself, was wrongful; however, the problem is that Defendants cannot produce a current holder in due course of the Note.  Discovery is needed in order for Plaintiffs to determine more details, including, without limitation, relating to conspiracy to commit fraud, to the extent such information is available.  This involves a period of unprecedented non-transparency in the financial industry, and, after discovery, and full discovery is critical, in particular, due to Defendants' refusal to provide adequate disclosure as to the chain of title to the Note, the appraisal submitted to the loan underwriter, the fees and commissions paid, and other

critical information which would, upon information and belief, reveal a fraudulent scheme to earn excess profits, commissions and fees, at the expense of Plaintiffs.

Plaintiffs believe, pending further discovery, that this is much more than a simple case of Plaintiffs being "unsuitable" for the loan. This is a case of active concealment and misrepresentation of material facts by Defendants possessing much superior bargaining powers, and access to information, thereby justifying Plaintiffs' reliance upon Defendants' statements and omissions.

### III. PLAINTIFFS MUST PREVAIL ON THEIR CLAIM
### FOR UNJUST ENRICHMENT

Defendants attempt to dismiss Plaintiffs' claim of unjust enrichment solely on the basis of the existence of a contract. Such a position is completely unsupportable, however, because much of the wrongful conduct alleged by Plaintiffs occurred prior to or separate from and outside the existence of the contract.

### IV. PLAINTIFFS' CAUSE OF ACTION FOR DECLARATORY
### RELIEF BECAUSE THEIR SUBSTANTIVE CLAIMS WILL PREVAIL

Defendants state that because Plaintiffs' substantive claims will fail, declaratory relief should not be granted, but that is not the case. For the same reason, Plaintiffs' lis pendens lien should definitely remain in place.

///

///

///

///

///

## V. CONCLUSION

Based on the foregoing, and the need for discovery as to the identity of the current holder of the Note and other facts related to Plaintiffs' claims, Plaintiffs respectfully request the Court to set aside dismissal. This is a case that clearly should be decided on the merits, after discovery of heretofore concealed facts.

DATED this 16th day of August, 2010.

                                        CONWAY LAW FIRM

                                        */s/ Jeffrey D. Conway*
                                        JEFFREY D. CONWAY, ESQ.
                                        Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all Parties to this action.

                                                    __/s/ John R. Conway_____
                                                    an employee of Conway Law Firm