Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Cassie R. Stratford, Esq.
Nevada Bar No. 11288
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169
Telephone:  (702) 784-5200
Facsimile:   (702) 784-5252
Email: calexander@swlaw.com

*Attorneys for Defendant HSBC Bank USA, N.A., HSBC Mortgage Corp, USA, MERSCORP, INC., Mortgage Electronic Registration Systems, Inc., and Deutsche Bank National Trust Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN E. WOLVERTON, DEBORAH GREENE, MICHAEL GREENE, individually and on behalf of each other herein,<br><br>Plaintiffs,<br><br>vs.<br><br>HSBC BANK USA, N.A.; HSBC MORTGAGE CORP. USA, a Delaware Corporation; MERSCORP, INC. a Virginia Corporation; MORTGAGE ELECTRONICS REGISTRATION SYSTEM, INC., a Delaware Corporation; MORTGAGEIT SECURITIES CORP, a subsidiary of DEUTSCHE BANK NATIONAL TRUST COMPANY; Mortgage loan Trust Series 2007-1, Mortgage Pass-Through Certificates, and Individuals 1 to 50, Inclusive; and ROES corporations 1 to 30, inclusive, and all other persons unknown claiming any right, title estate, lien or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto.<br><br>Defendants. | Case No. 2:10-0700-PMP-PAL<br><br>**DEFENDANT HSBC BANK USA, N.A., HSBC MORTGAGE CORP. USA, MERSCORP, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S OPPOSITION TO MOTION TO SET ASIDE DISMISSAL** |

COME NOW HSBC BANK USA, N.A.; HSBC MORTGAGE CORP. USA; MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DEUTSCHE BANK NATIONAL TRUST COMPANY, (collectively "HSBC, MERS, AND

STRATFC\SWDMS\11886819.1

Deutsche Bank"), by and through its counsel, Snell & Wilmer L.L.P, and files this Opposition to Plaintiff's Motion to Set Aside Dismissal of Plaintiff's Complaint.

This Opposition is based on the Memorandum of Points and Authorities herein, the pleadings and papers already on file herein and any oral argument this Court may entertain

Dated: August __, 2010.          SNELL & WILMER L.L.P.

By: _____
Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Cassie Stratford, Esq..
Nevada Bar No. 11288
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252
*Attorneys for Defendant HSBC Bank USA, N.A., HSBC Mortgage Corp, USA, MERSCORP, INC., Mortgage Electronic Registration Systems, Inc., and Deutsche Bank National Trust Company*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff's Motion to Set Aside is fatally deficient in that it fails to address the substantive and procedural arguments which led to the dismissal of the most recent complaint filed by Plaintiffs, fails to cite the appropriate standard and relies upon failed legal theories. In short, this Motion does not state any valid grounds which would warrant setting aside the Court's Dismissal of the complaint against these defendants.

Plaintiffs' litigious tendencies with regard to this property are abundantly clear upon a review of the storied history of this litigation. Back in August of 2008, Plaintiff Kathryn Wolverton ("Wolverton") brought a similar action related to the same Deed of Trust, and Property related to this action. That case named MERS as a defendant and included various nearly identical causes of action. See, Case No. 2:08-cv-01168-JCM-RJJ. The Complaint was eventually dismissed with prejudice pursuant to a stipulation of the parties. See, Case NO. 2:08-

cv-01168-JCM-RJJ (hereinafter "2008 Litigation"), stipulation at DE #37. Then in March of 2010, Plaintiff brought this suit under the guise of a slightly different, but equally meritless case which re-asserts many of the claims already dismissed with prejudice against MERS defendants. In addition, this case included two additional Plaintiffs, whose role is largely inexplicable. In light of this Court's dismissal of Wolverton's previous lawsuit with prejudice, which focused on the same subject loan and Property, the current action is precluded on the basis of res judicata and estoppel. See Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.1982) (barring under res judicata all claims based on the same "transactional nucleus of facts" which "could have been asserted, whether they were or not, in a prior suit between the same parties") (citation omitted). In addition to the fact that many of these claims are barred by estoppel principals, theses claims were legally deficient and devoid of any factual basis. As such, HSBC, MERS and Deutsche Bank filed a Motion to Dismiss clearly setting forth the grounds for dismissal of each and every cause of action contained in the form complaint. Plaintiff failed to oppose the Motion, further the Court the granted the Motion in full. Plaintiff's current Motion to Set Aside Dismissal fails to set forth any grounds sufficient to warrant setting aside this dismissal.

As such, Plaintiff's Motion to Set Aside Default must be denied.

## II.

## UNDISPUTED FACTS

The subject property related to this action is located at 230 W Highland Drive, Henderson, Nevada, 89015, APN: 179-19-211-009 (the "*Property*"). Wolverton acquired the Property in 2005, as evidenced by a Grant, Bargain, Sale Deed recorded on December 20, 2005. Because the detailed factual history related to the property was fully set forth in the Motion to Dismiss, Defendants will not now waste judicial resources by reasserting all transactions related to the property. Instead, Defendants will refer to the fact section located in the Motion to Dismiss. (Docket # 21.) Further, the facts related to this litigation's history will be fully set forth herein.

Wolverton initiated the original Complaint in August of 2008. See, 2:08-cv-01168-JCM-RJJ. On August 21, 2008, National Default Servicing Corporation, as trustee, recorded a Notice of Trustee Sale to occur on September 11, 2008, indicating the total unpaid balance on the Note

was $1,043,172.04. (See Notice of Trustee's Sale, Exhibit A). The 2008 Complaint was eventually dismissed with prejudice via stipulation of the parties in July, 2009. See, 2:08-cv-01168-JCM-RJJ, (Docket #37.). After the conclusion of the 2008 Litigation, NDSC recorded a new Notice of Trustee Sale on September 22, 2009. (See Notice of Trustee's Sale, Exhibit B.) As set forth in the Notice, the Property was sold to HSBC on October 22, 2009. (See Trustee's Deed Upon Sale, Exhibit C.)

Then, on March 8, 2010, Plaintiffs filed this Complaint naming a slue of defendants including, MERS, and others that were name in the previous complaint. MortgageIT removed this matter to federal court on May 13, 2010. (Docket #1) MortgageIT then filed a Motion to Dismiss the Complaint on May 24, 2010, seeking dismissal on procedural grounds of estoppel as well as the lack of substantive merit of the case. (Docket # 4.) Plaintiffs failed to oppose the Motion to Dismiss which was then granted by this Court on June 21, 2010. (Docket #19.) Defendants HSBC, MERS, and Deutsche Bank filed a Motion to Dismiss on June 22, 2010. (Docket #21.) Plaintiffs again failed to oppose this motion despite the Court's issuance of a *Klingele Order* specifically setting fort the deadline in which to do so. (Docket #24.) The Court then granted the Motion to Dismiss and released the lis pendens. (Docket #31.) Now, nearly a month later, Plaintiffs filed the instant Motion to Set Aside the Dismissal, which is devoid of any valid ground warranting. As such, Defendants HSBC, MERS, and Deutsche Bank respectfully request that this Motion be denied.

### III.
### LEGAL ARGUMENT

A.  **Applicable Legal Standard for Relief From an Order Pursuant to NRCP 59 and 60**

Plaintiffs fail to cite to any applicable standard for a motion to set aside the order of dismissal in their motion. Instead, they argue that a case should not be dismissed without sufficient time for discovery, citing *Vision Air.* 121 Nev. 113 (2005.) However, *Vision Air* sets forth an entirely distinct and inapplicable situation. There, the Court addressed whether a motion for summary judgment should have been granted in light of a cross motion seeking a continuance to develop facts in discovery. Id. Here instead, no discovery is necessary because Plaintiffs'

STRATFC\SWDMS\11886819.1

- 4 -

claims fail on their face, even accepting all allegations as true. Further, this standard is entirely inapplicable in because *Vision Air* address summary judgment on appeal, **not** a motion to set aside. Despite Plaintiff's failure to set forth any applicable standard, the relief sought by Plaintiffs seems to be a request pursuant to Rule 59(e) or Rule 60(b)(1). Assuming, *arguendo*, that Rules 59 or 60 were referenced in the Motion for Consideration, the Motion would still fail.

Because a motion for reconsideration essentially seeks to re-litigate a matter already decided by the Court, a party moving for reconsideration faces a high burden for relief. "'Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Brown's Crew Car of Wyoming LLC v. Nevada Transportation Auth., No. 2:08-CV-0777-RLH-LRL, 2008 U.S. Dist. LEXIS 100172, at *2 (D. Nev. Dec. 11, 2008) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).[1]

Other authorities have recognized the limited application of Rule 59(e) motions, which offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." See 12 Moore's Federal Practice § 59.30[4]. Accordingly, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." See 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1991). A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could have reasonably have been raised earlier in the litigation. Id.; see also Moore, 92 Nev. at 405 (denying motion for reconsideration where it raised no new law or facts and only cited additional authorities for propositions of law already set forth in earlier motions).

---

[1] A motion for reconsideration may be brought pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiffs do not specify the Rule pursuant to which their motion was filed.

STRATFC\SWDMS\11886819.1

- 5 -

Similarly, a court may relieve a party from a final judgment pursuant to Rule 60(b) only for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). See also Stankic v. Director, Nevada Dep't of Corr., No. 3:05-cv-0347-ECR-RAM, No. 2008 U.S. Dist. LEXIS 45067, at *1-2 (D. Nev. June 5, 2008) (denying motion for reconsideration).

Plaintiff has failed to set forth *any* reason for relief from the judgment, much less reasons sufficient to satisfy a burden under 59(e) or 60(b). Instead, Plaintiff delves into arguments that amount to an untimely opposition by raising failed legal theories that even if considered under a motion to dismiss standard, would not warrant denial of the Motion to Dismiss

**B.     NRCP 59(e) Is Inapplicable To This Case**

As set forth above, Rule 59(e) is crafted to allow a party to petition the court in the event that it discovers new and substantially relevant evidence that was not available at the time the decision was made, or is able to demonstrate that the court committed clear error. In this case, Plaintiffs fail to provide a single piece of new, let alone substantially relevant, evidence that was not available at the time the decision was made.    Instead Plaintiffs cite case law available well before the Complaint[2] in this matter was even filed—which, regardless, is irrelevant to the inquiry

---

[2] Defendants acknowledge that Plaintiff does cite one California case that came out in May, after the filing of the Complaint, but before the Motion to Dismiss was filed or ruled on. Even that case law, however, Plaintiff specifically points out simply "agreed with numerous other well-known cases that have held the

STRATFC\SWDMS\11886819.1

- 6 -

on a Motion to Set Aside the Dismissal. Plaintiff would have this Court set aside its ruling on the Motion to Dismiss merely on the basis of that they are entitled to discovery in an attempt to. Plaintiff does not introduce any new evidence or law and fails to articulate any basis for a determination of clear error. Plaintiff, therefore, cannot rely on NRCP 59(e) in his effort to set aside the Court's ruling, and the Motion should be denied in full

C.   **Plaintiff's Is Not Entitled To Relief Under Rule 60(b)**

As stated above, the sole reasons for requesting relief from the order dismissing the claims against HSBC, MERS and Deutsche Bank is that Plaintiff should be permitted to conduct discovery in an attempt to require the parties to show the note. However, this "show the note argument" is not novel, one that has been dismissed by Courts in case law available long before the dismissal or the instant Motion, and certainly not grounds for additional discovery. This does not permit dismissal under the standard for a Motion for Reconsideration under proper Rule 60(b) standard.

The arguments asserted in Plaintiff's Motion, which essentially amount to an untimely opposition, are entirely irrelevant to the inquiry under a Motion to Set Aside Standard. As set forth above, under Rule 60(b) a party can seek relief from judgment based upon, "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Plaintiffs have not provided a single reason set forth above that justify relief under Rule same." Motion at 7.

60(b). Plaintiffs' arguments are based upon case law and legal principals which were available at the time the opposition was due and available prior to the dismissal for the Court's consideration. As such, simply incorporating arguments available at the time of dismissal that amount to an opposition does not justify relief under Rule 60(b) since the Court already considered those arguments. As such, Plaintiffs are not entitled to Reconsideration under Rule 60(b).

D.  **Plaintiffs Ignore the fact that MERS is Entitled to Dismissal, Because the Claims are Largely Barred by Res Judicata**

In addition to failing to state any valid grounds to set aside dismissal, Plaintiffs' motion entirely ignores that fact that, as applied to MERS, Plaintiffs' claims are barred by principals of res judicata. As briefly stated above, many of the claims asserted in this Complaint are barred by principles of estoppel, or preclusion. MERS was named as a party to both Complaints. See, 2:08-cv-01168-JCM-RJJ, Docket #1, Ex. A, attached hereto as Exhibit D.) The 2008 Complaint was based upon the same transaction as this—namely for the February 2007 loan transaction secured by the property. Id. at ¶ 1, 9. "Claim preclusion prevents the relitigation of claims previously tried and decided." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992). As such, the claims for breach of the duty of good faith and fair deadline, injunctive relief, declaratory relief, fraud and RESPA, which appear in both Complaints, required dismissal on principals of res judicata.

In addition to the identical claims asserted, because the previous complaint focused on the same subject loan and Property, the current action was precluded on the basis of res judicata and estoppel. See Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.1982) (barring under res judicata all claims based on the same "transactional nucleus of facts" which "could have been asserted, whether they were or not, in a prior suit between the same parties") (citation omitted).

Because all claims asserted in this case were based upon the same nucleus of facts—i.e. the February 2007 loan secured by the Subject property—as the 2008 Complaint which was

dismissed with prejudice, the claims asserted against MERS required dismissal on these grounds alone.

Thus, even if Plaintiffs were successful in setting aside this particular dismissal, Plaintiffs would still be barred by estoppel from asserting these claims against MERS.

E. **Even if the Court Considers Plaintiffs' Arguments Contained in the Motion as an Opposition to the Motion to Dismiss, this Dismissal was Still Proper.**

Plaintiffs' Motion incorporates arguments that amount to an opposition to the Motion to Dismiss. Plaintiffs arguments contained in the Motion, even if they were asserted timely, would not give this court a reason to deny Defendants Motion to Dismiss.

1. **Defendants are Not Required to Show the Note in Order to Properly Foreclose**

Plaintiffs' Motion argues that "none of the Defendants can prove that they are the current holder in due course of the Note, any more than any other third party stranger to the transaction." Motion at p. 3. However, this argument is disingenuous at best and cannot create the basis of any of their claims. Defendants are unaware of, and Plaintiff has not cited, any authority that (i) requires the loan servicer to produce the original promissory note upon the request of the borrower or (ii) requires the production of the note as a condition to commence non-judicial foreclosure proceedings. Wolverton herself granted authority to initiate foreclosure under the Deed of Trust. Nevada law provides that a deed of trust may be used to "secure the performance of an obligation or the payment of any debt." NRS § 107.020. Upon default by the borrower, the trust beneficiary may satisfy the debt obligation through the transfer of the collateral at a non-judicial trustee's sale. NRS § 107.080. When Plaintiff executed the Deed of Trust, Plaintiff authorized the foreclosure of the Property as an express term and condition of receiving financing for the Property in March 2006. See, Ex. D to Motion to Dismiss. ("Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property"). In addition, Plaintiff is separately obligated under the First Deed of Trust to "pay when due the principal of, and interest on, the debt evidenced by the Note...." Plaintiff now seeks to improperly unwind the foreclosure – a known consequence of the intentional decision to stop

making loan payments – and seek to have this Court effectively order that Plaintiff can indefinitely suspend mortgage obligations while remaining in possession of the Property.

This Court has recognized that "[t]he statutes do not require a loan servicer to tender the original note as proof of its status as holder in due course…." Wayne v. HomeEq Servicing, Inc., Case No. 2:08-cv-00781-RCJ-LRL, 2008 U.S. Dist. LEXIS 83324, *9 (D. Nev. Oct. 16, 2008). This Court has dismissed, without leave to amend, a claim that foreclosing defendants had an obligation to produce the original note before commencing the non-judicial foreclosure process. See Ernestberg v. Mortg. Investors Group, Case No. 2:08-cv-01304-RCJ-RJJ, 2009 U.S. Dist. LEXIS 4560, *12-15 (D. Nev. Jan. 22, 2009). The actions of this Court are consistent with the actions of other courts with regard to non-judicial foreclosures under trust deeds. See, e.g., Lopez v. Chase Home Finance, LLC, Case No. CV F 09-0449 LJO GSA, 2009 U.S. Dist. LEXIS 34647, *13 (E.D. Cal. Apr. 24, 2009) (California law) (plaintiff's "promissory note possession notion is frivolous"); Mansour v. Cal-Western Reconveyance Corp., Case No. CV-09-37-PHX-DGC, 2009 U.S. Dist. LEXIS 33280,*4 (D. Ariz. April 21, 2009) (applying Arizona law) (citing Nevada cases because "Nevada's UCC enforcement statute is identical to Arizona's"). The weight of the law requires the dismissal of this basis for a quiet title action, as there is no requirement that Defendants produce the original note before commencing non-judicial foreclosure proceedings. Because Wolverton authorized foreclosure sale upon her default, has failed to tender payments when due, and because production of the note is not required to institute foreclosure proceedings, these arguments fail.

2. **Plaintiff's Fraud Claims are Not Plead with Sufficient Particularity and Not Based upon Wrongdoing Committed by HSBC, MERS or Deutsche Bank**

Plaintiff further argues that fraud is plead with sufficient particularity, essentially arguing that without sufficient discovery, that this is the most specific Plaintiffs are able to get. However, this type of pleading is not sufficient to support a fraud claim. First, as set forth above, this claim as applied to MERS is barred by res judicata. Further, neither HSBC, MERS nor Deutsche Bank acted as a lender in the transaction. See, Ex. D to Motion to Dismiss. As such, allegations that Defendants have refused to provide "chain of title to the note, the appraisal submitted to the loan underwriter, the fees and commissions pad, and other critical information

which would, upon information and belief, reveal a fraudulent scheme to earn excess profits, commissions and fees, at the expense of Plaintiffs." Motion at p 4-5. These allegations solely implication wrongdoing on the part of the original lender, not other parties involved in the loan. Because Plaintiffs cannot even articulate how or what MERS, HSBC or Deutsche Bank are alleged to have done, they fall far short of the particularity required for these claims to survive.

### 3. Plaintiff's Unjust Enrichment Claim is Barred

Plaintiffs argue that the unjust enrichment claim can survive because "much of the wrongful conduct alleged by Plaintiffs occurred prior to or separate from and outside the existence of the contract." Motion at ¶ 5. However, this is not what is plead in the complaint, and this does not salvage the claims. Plaintiff's complaint alleges that that "[d]ue to the unfair and deceptive nature of the Plaintiff's loan transaction, the defendants were paid excessive interest and fees for loan amounts that were unjustified." (Compl. at ¶ 176). It is absurd to argue that the interest rate and fees associated with a loan are "separate from and outside" the loan contract. These issues are expressly dealt with and are the exact issues which are dealt with in the deed of trust and note.

As discussed in the Motion to Dismiss, an unjust enrichment claim cannot prevail when it is predicated on an express agreement. See Goodwin v. Executive Trustee Services, 680 F. Supp. 2d 1244, 1255 (D. Nev. Jan.8, 2010) (dismissing unjust enrichment claim because Plaintiffs' allege "they were 'targeted for and lured' into their mortgages" and the mortgages are express written contracts); Clark v. Met. Life Ins. Co., No. 3:08-CV-00158-LRH-VPC, 2009 WL 536830, at *6 (D. Nev. March 3, 2009) ("[B]ecause [Plaintiff] predicates her entire complaint on an express agreement, she has failed to state a claim for unjust enrichment."); Crockett & Myers, LTD. v. Napier, Fitzgerald & Kirby, LLP, 440 F. Supp. 2d 1184, 1197 (D. Nev. 2006). In the case of Hearne v. Countrywide Home Loans, Inc., the District Court of Nevada recently dismissed a claim for unjust enrichment on this basis and explained that:

> The doctrine of unjust enrichment thus only 'applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but

STRATFC\SWDMS\11886819.1

- 11 -

should deliver to another [or should pay for].' [citing <u>Leasepartners</u>]. The basic premise of Plaintiff's claim for unjust enrichment is that Plaintiff's mortgages carried inflated interest rates to which she would not have agreed had she understood the true terms of the loans. . . Plaintiff's mortgages are express and written contracts; Plaintiffs' fifth claim thus fails and will be dismissed.

No. 3:08-cv-0500-ECR-RAM, 2010 WL 1815424, at *5 (D. Nev. Apr. 30, 2010). As Plaintiffs here acknowledge that they signed the Deed of Trust, the unjust enrichment cannot survive.

The rule is not limited to cases where the express contract is between the parties – i.e. the Deed of Trust need not have been with each defendant for the claim to fail. For example, the court in <u>Styles v. State Farm Mut. Auto. Ins. Co.</u> dismissed an unjust enrichment claim where the contract was between the plaintiff's mother and the defendant insurance company. No. 2:06-cv-1291-RCJ-PAL, 2007 WL 1435005 (D. Nev. May 14, 2007). Although the plaintiff was not a contract signatory, the court held that the express contract between State Farm and plaintiff's mother governed the plaintiff's recovery rights. <u>Id.</u> at 3. Similarly here, the Deed of Trust governs the Plaintiff's payments to the beneficiary and collected by the loan servicer, and governs the rights of the defendants to foreclosure on the Property. Thus, the existence of this express contract renders the unjust enrichment claim unsustainable.

4. **While Plaintiffs do Not Directly Address Each Claim, it is Clear that Each of the Remaining 15 Causes of Action Should be Dismissed.**

The remaining claims contained in Plaintiffs' form complaint also warranted dismissal. While Plaintiffs did not address each of these issues, many such claims were barred by applicable limitations period, by the fact that these defendants did not act as the lender, or cannot be liable under the theories set forth. No amount of discovery can remedy these deficiencies. As this Court is aware dismissal was granted because accepting all allegations as true, the claims cannot stand. As such, no amount of discovery will cure these fatal deficiencies and the Motion to Dismiss was properly granted.

///
///
///

## IV.

## CONCLUSION

Plaintiffs Motion to Set Aside the Dismissal is entirely devoid of any grounds that would warrant doing so.  Plaintiffs fail to set forth any applicable standard to set aside the dismissal or valid reasons thereunder.  Instead, Plaintiffs make a desperate plea for additional discovery on claims for which discovery simply could not salvage.  Plaintiffs then assert arguments that can only amount to an untimely opposition after dismissal was already granted.  However, Plaintiffs have already asserted these claims on the exact same property, in which the complaint was dismissed with prejudice.  Further these are based upon invalid legal theories, barred by the statute of limitations or are otherwise inapplicable to these defendants.  As such, even if the Court were to consider the motion as an opposition to the Motion to Dismiss, the Motion to Dismiss would still be granted.   In short, Plaintiffs woefully deficient Motion to Set Aside Dismissal must be denied.

Dated this ___ day of August, 2010.

SNELL & WILMER L.L.P.

By: _____
Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Cassie Stratford, Esq.
Nevada Bar No. 11288
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169
*Attorneys for Defendant HSBC Bank USA, N.A., HSBC Mortgage Corp, USA, MERSCORP, INC., Mortgage Electronic Registration Systems, Inc., and Deutsche Bank National Trust Company*

STRATFC\SWDMS\11886819.1

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT HSBC BANK USA, N.A., HSBC MORTGAGE CORP. USA, MERSCORP, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE DEFAULT** by the method indicated and addressed to the following:

**Electronic Service via CM/ECF**

Jeffrey D. Conway
Conway Law Firm
2153 Ponticello Drive
Henderson, NV 89052
*Attorney for Plaintiffs*

**Electronic Service via CM/ECF**

Laraine M I Burrell, Esq.
Mark G Tratos, Esq.
Shauna L. Welsh, Esq.
Greenberg Traurig, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Phone: 702-792-3773
Fax: 702-792-9002
Email: burrelll@gtlaw.com
*Attorneys for MortgageIT, Inc.*

DATED this 31st day of August, 2010

_____
An employee of Snell & Wilmer L.L.P.

STRATFC\SWDMS\11886819.1

- 14 -